State vs. Aubrey.

## No. 10,739.

### THE STATE OF LOUISIANA VS. C. C. AUBREY.

1. A bail bond will not be vitiated by a manifest clerical error which does not obscure or render doubtful its true meaning.

2. It is essential in such a bond that the time and place fixed for the appearance of the prisoner shall be clearly set forth.

3. Where the condition of the bond is for appearance at the next jury term to be holden on the fourth Monday of February, 1891, this condition is not affected by the subsequent action of the court ordering a special jury for an earlier intervening non-jury term; and the failure of defendant to appear at said earlier term furnishes no ground for forfeiture of the bond.

APPEAL from the Third District Court, Parish of Claiborne. *Barksdale, J.*

*Walter H. Rogers,* Attorney General, and *E. H. McClendon,* District Attorney, for the State, Appellee:

"The sureties on a bond which was given for and procured the release of a prisoner charged with a criminal offence can not gainsay its regularity, or the regularity of the proceedings in which it was allowed." 30 An. 528.

"The State is not under obligation not to have the accused tried before the regular term of court, because the latter has furnished bond to appear at such regular term." 34 An. 69.

A fugitive from justice will not be heard to urge that judgment of forfeiture of bond be set aside.

*J. W. Holbert* and *J. R. Phipps* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The defendant and his sureties appeal from a judgment of his bail bond.

The bond is dated September 6, 1890, and the condition expressed therein is that "said C. C. Aubrey shall well and truly make his appearance at the next jury term of the Third District Court to be holden in the town of Homer, on the 4th Monday in February, 1890, and from day to day," etc.

It is admitted on both sides that the figures *1890* are so written by mere clerical error, and that they were intended for *1891*. Such manifest clerical error can not invalidate the bond, and we shall treat the case precisely as if the date had been correctly written. Under the law, and the order of court made in pursuance thereof, the next jury term of the court was, at the date of the bond,

fixed for the 4th Monday of February, 1891. The first succeeding term of court, however, which was a non-jury term, was fixed for November, 1890, and the Act 35 of 1880 gave the judge authority at such a term to order a special jury for the trial of all criminal cases where the penalty is not necessarily imprisonment at hard labor or death. Under this authority, at a time subsequent to the execution of the bond, the judge called a special jury for the second week of November. The offence with which defendant was charged was one triable at said term; and accordingly the defendant and his sureties having been duly called and failing to appear, the bond was declared forfeited. After ineffectual efforts to obtain relief below the present appeal was taken.

We think it clear there was no legal warrant for the forfeiture.

The very definition of bail is: "The delivery in legal form of one under arrest to another or others, who thereby become entitled to his custody, and with him responsible for his appearance *when and where agreed on* in fulfilment of the purpose of the arrest." 1 Bish. Crim. Proc., Sec. 258.

The obligation intended to be assumed must be expressed in the bond or derivable from its words; and especially the time and place stipulated for his appearance must be clearly set forth, since that is the pivot of obligation. Accordingly it is held by numerous authorities that if no day is fixed for the appearance of the accused, the bond is void. 1 Bish. Crim. Proc., Sec. 2646; 2 Am. and Eng. Cyc. of Law, "Bail," p. 17.

It would certainly appear beyond measure unreasonable if a bond expressly conditioned for the appearance of the prisoner on the fourth Monday of February, 1891, could be held forfeited for non-appearance in the second week of November, 1890. There is no authority and no principle on which such a contention can rest.

The case of State vs. Briggs, 34 An. 69, quoted by the State, dealt with a very different question. There the defendant appeared at a term anterior to that at which his bond required him to appear, and although his case was legally triable, he claimed that he could not be tried before the term named in his bond. We held that the bond placed the State under no obligation not to have the accused tried before the regular term of court fixed in the bond for his appearance. If, in the instant case, the defendant had appeared and

objected to trial, that decision would have been pertinent. But the question here is whether his non-appearance in November was a breach of the condition of the bond requiring his appearance in the ensuing February, to which it is impossible to give other than a negative answer.

The judge refused to listen to the application of defendant for relief, on the ground that he was a fugitive from justice. There is no proof to that effect. The only evidence is that he was absent, and that his counsel did not know where he was. *Non constat* that he will not appear at the time fixed in his bond. If not, the bond will remain in force, and may then be forfeited. We shall merely set aside the present forfeiture as premature and unwarranted.

It is therefore adjudged and decreed that the judgment of forfeiture of bond herein appealed from be annulled and set aside, without prejudice to the continuing force of the bond according to its terms and conditions.